IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-11-1H
No. 4:18-CV-4-H

STEPHEN ANDREW ROSS
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #67], petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #63]. Petitioner has filed a response, [DE #70], as well as a motion to appoint counsel, [DE #71], and this matter is ripe for adjudication.

## BACKGROUND

On November 10, 2015, petitioner pled guilty pursuant to a written plea agreement to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count Two). [DE #47 at 5]. On March 9, 2016, the court sentenced petitioner to a total term of imprisonment of 46 months. [DE #59]. Petitioner did not appeal. On March 3, 2017, counsel for petitioner filed a motion to amend/correct judgment, [DE #60], which motion was denied on April 18, 2017.[1] [DE #61].

---

[1] The issue of the motion to amend/correct judgment was unrelated to the claims made by petitioner appearing pro se in the instant motion to vacate.

On or about January 9, 2018, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, [DE #63], arguing ineffective assistance of counsel by 1) "fail[ing] to investigate or challenge evidence from an illegal search;" 2) "fail[ing] to investigate issues concerning jurisdiction and application for adoption or dual prosecution" by the federal government; 3) "fail[ing] to advise [petitioner] of legal standing on [sic] elements of each charged crime were unmet;" 4) "fail[ing] to properly file for a [Federal] Rule [of Criminal Procedure] 35(a) Amendment and did so intentionally and in bad faith; and 5) "fail[ing] to review the [presentence investigation report] with [petitioner] for any meaningful period of time." [DE #63 at 5 and #63-1 at 1].

## COURT'S DISCUSSION

### I. Motion to Appoint Counsel, [DE #71]

Petitioner does not have a right to counsel in a § 2255 proceeding unless "necessary for effective discovery" or for an evidentiary hearing. See Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c); see also 18 U.S.C. § 3006A(a)(2) (providing court may appoint counsel when "the interests of justice so require."). Finding Rules 6(a) and 8(c) are not implicated in the proceeding, and finding further that the interests of justice do not require appointment of counsel in this case, petitioner's motion, [DE #71], is DENIED.

2

**II. Motion to Vacate under 28 U.S.C. § 2255, [DE #63]**

**A. Timeliness**

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner argues under § 2255(f)(4) "the evidence and discovery that was available to defense counsel during the pre-trial and pre-sentencing process was not available to me." [DE #63

3

at 12]. Petitioner has presented no "new evidence," to qualify for the extended statute of limitations under § 2255(f)(4). Thus, petitioner's argument that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(4) is without merit, and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1).

Petitioner argues under § 2255(f)(1), the statute of limitations did not begin to run until April 18, 2017, the date upon which the motion to amend was decided by this court's order, [DE #61]. However, the type of modification sought in the motion does not affect the finality of the judgment of conviction. See United States v. Sanders, 247 F.3d 139, 142-44 (4th Cir. 2001) ("The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); see also 18 U.S.C. § 3582(b)(2) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742 . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Petitioner's judgment was entered on March 18, 2016. Petitioner did not file an appeal, and therefore his judgment became final on the date his judgment of conviction was entered, "the date upon which [petitioner] declined to pursue further direct appellate review." Sanders, 247 F.3d at 142. The court notes petitioner's

4

§ 2255 motion was not filed until January 9, 2018, well more than one year after the judgment became final. Thus, under § 2255(f)(1), petitioner's motion to vacate is untimely.

However, the court notes petitioner's argument resembling one for equitable tolling, namely that defense counsel had informed petitioner that he would be filing a § 2255 motion and filed a motion to amend judgment instead. [DE #70 at 7-8; #70-2 at 2]. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Pursuant to the email from defense counsel to petitioner, the basis of such a motion would be to remove a condition of treatment from his judgment, which was the exact issue of the motion to amend judgment, [DE #60]. However, the motion to amend judgment was filed four days before the deadline for filing a § 2255 expired. As discussed supra, the motion to amend did not toll the period of filing a § 2255 motion. Based upon the evidence before the court, although petitioner could have reasonably relied on his attorney's email that he would be filing a § 2255 motion, the attorney did file a motion, albeit not under § 2255, for the same reason he stated he would, and thus, there was no

5

"extraordinary circumstance" that stood in petitioner's way of filing. Pace, 544 U.S. at 418.

### B. Ineffective Assistance of Counsel

Even if the court were to consider the merits of the ineffective assistance of counsel claim, the § 2255 motion fails.

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance." Id. at 689. The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

6

When a petitioner challenges the voluntariness of his guilty plea based upon a claim for ineffective assistance of counsel, he must not only claim a deficiency in counsel's performance but also "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Sworn testimony offered by a criminal defendant in open court affirming his consent to entry into a plea agreement "'[carries] a strong presumption of verity.'". See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)).

Petitioner's fourth claim has been addressed supra. Petitioner's remaining claims essentially are an argument seeking withdrawal of his guilty plea. Petitioner was found at arraignment to have knowingly and voluntarily entered his guilty plea pursuant to a written memorandum of plea agreement. [DE #47]. Additionally, petitioner's plea agreement contains an appeal waiver, in which petitioner agreed

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing.

7

[DE #47 at 1]. Petitioner's plea agreement detailed the maximum term of imprisonment, ten years, and the minimum term of imprisonment, 0 months. Id. at 5. Following denial of two written objections to the PSR, the court found petitioner's advisory guideline range at sentencing was 46 to 57 months. [PSR at 10]. Petitioner was sentenced to 46 months, the low end of the advisory guideline range, and well below the statutory maximum known to him at the time of his guilty plea. Therefore, the court finds petitioner has not pled facts sufficient to make a claim of either a departure from "the wide range of reasonable professional assistance" or prejudice. Strickland, 466 U.S. at 689, 694.

For the reasons stated above as well as in the government's brief, the court finds that even if his petition were timely, petitioner has failed to state a claim upon which relief may be granted, specifically that he has failed to state a claim for ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #67], is GRANTED. Accordingly, petitioner's motion to vacate, [DE #63], is DISMISSED. Petitioner's motion to appoint counsel, [DE #71], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 12TH day of July 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35